IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| E.B. GORHAM, individually, etc., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 C 6258 |
| GENERAL GROWTH PROPERTIES, INC., et al., | ) | |
| Defendants. | ) | |
| CHARLES SHEA, individually, etc., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 C 6654 |
| GENERAL GROWTH PROPERTIES, INC., et al., | ) | |
| Defendants. | ) | |
| SHERRY E. BARRETT, individually, etc., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 C 7069 |
| GENERAL GROWTH PROPERTIES, INC., et al., | ) | |
| Defendants. | ) | |
| SHARANKISHOR DESAI, individually, etc., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 09 C 487 |
| GENERAL GROWTH PROPERTIES, INC., et al., | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

This Court's March 16 memorandum opinion and order ("Opinion," 2009 WL 661303, at *3-*4[1]) explained why the proposal of Charles Shea ("Shea") to be designated the "most adequate plaintiff" in this class action under the Private Securities Litigation Reform Act ("PSLRA") should be rejected, "with the corollary being that as between the two present candidates for the lead plaintiff position the nod must go to [Sharankishor] Desai ['Desai']" (Opinion at *4). Because neither Shea nor Desai was a major investor in General Growth Properties, Inc. ("General Growth") stock during the designated Class Period, the Opinion concluded by deferring the final decision as to lead plaintiff to enable one of the major investors, the Self Development Church (the "Church," which had retained the same law firm as Desai, Izard Nobel LLP ("Izard Nobel")), to determine whether it might choose to reinstate its application to serve as lead plaintiff (id.).

Now Izard Nobel has advised that it informed the Church of the Opinion, providing it with a copy, but that "the Self Development Church has not indicated any desire or intent to reinstate its application" (attached Ex. 1). That being the case, this Court indeed holds Desai to be the "most adequate plaintiff," appoints him as lead plaintiff in these actions and

---

[1] Further citations to the Opinion will take the form "Opinion at *--," referring to the * page number in the WL version.

sets a next status hearing for 8:45 a.m. April 7, 2009.

One other matter should be highlighted for discussion at that next status hearing. As Opinion at *4 stated, this Court had then contemplated disclosing the competitive bids of the law firms representing Shea and Desai to complete the explanation of why Shea was not, and Desai was, the "most adequate plaintiff"--a procedure that this Court has employed in the past where several bidders for the legal representation of a class were involved and the analysis was more complex. In that respect see, e.g., this Court's opinions in an antitrust class action (In re Amino Acid Lysine Antitrust Litig., 918 F.Supp. 1190 (N.D. Ill. 1996)) and a PSLRA class action (In re Bank One S'holders Class Actions, 96 F.Supp.2d 780 (N.D. Ill. 2000)). But Izard Nobel has objected to that procedure as being potentially prejudicial to the interests of the class (see attached Ex. 2, Izard Nobel's March 19, 2009 letter sent to this Court, to Shea's counsel and to counsel for defendants).

That objection appears to have force, and so the question of such possible disclosure will be deferred for the moment, pending discussion during the next status hearing. If the conclusion reached by this Court following such discussion is to uphold the Izard Nobel objection, this Court contemplates the preparation of a brief opinion, to be issued under seal for disclosure only to counsel for the two bidders for lead plaintiff status, to enable

3

them to confirm the correctness of this Court's determination.

```
                         _____
                         Milton I. Shadur
                         Senior United States District Judge
```
Date:  March 31, 2009